JOHN L. BURRIS, Esq.  SBN 69888
DeWITT M. LACY, Esq. SBN 258789
**THE LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone:  (510) 839-5200
Facsimile:   (510) 839-3882
john.burris@johnburrislaw.com
dewitt.lacy@johnburrislaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNIE HARMON, individually and as joint successor-in-interest to Decedent LAMONT HARMON; MARGARET HOOPER, individually and as joint successor-in-interest to Decedent LAMONT HARMON; H.H., a minor, individually and as joint successor-in-interest to Decedent LAMONT HARMON, through her Guardian Ad Litem, MARGARET HOOPER; THE ESTATE OF LAMONT HARMON,<br><br>                Plaintiffs,<br><br>  vs.<br><br>COUNTY OF SACRAMENTO; SCOTT JONES, in his official capacity as SHERIFF for the SACRAMENTO COUNTY SHERIFF'S DEPARTMENT; and DOES 1-50, inclusive, individually, jointly and severally,<br><br>                Defendants. | CASE NO.:<br><br>PLAINTIFFS' COMPLAINT FOR WRONGFUL DEATH AND VIOLATION OF CIVIL RIGHTS AND DAMAGES<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This case arises out of the unlawful detention, arrest, assault and wrongful death of LAMONT HARMON at the hands of SACRAMENTO COUNTY SHERIFF's Deputies.

## JURISDICTION

2. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 42 of the United States Code, Section 1331 and 1343. The unlawful acts and practices alleged herein occurred in the County of Sacramento, California which is within this judicial district.

## PARTIES

3. Plaintiff herein, ANNIE HARMON, is, and at all times herein mentioned was a citizen of the United States. Plaintiff is the surviving mother of Decedent, LAMONT HARMON.

4. Plaintiff herein, MARGARET HOOPER, is, and at all times herein mentioned was a citizen of the United States. Plaintiff is the surviving spouse of LAMONT HARMON.

5. Plaintiff herein, H.H., by and through her Guardian Ad Litem MARGARET HOOPER, is the minor surviving daughter of decedent, LAMONT HARMON.

6. THE ESTATE of LAMONT HARMON is represented by and through, ANNIE HARMON, the decedent's mother and personal representative of the ESTATE of LAMONT HARMON.

7. Defendant COUNTY OF SACRAMENTO is, and at all times mentioned herein, a municipal entity, duly organized and existing under the laws of the State of California.

8. At all times herein mentioned Defendant, SCOTT JONES ("SHERIFF JONES") was the SHERIFF for SACRAMENTO COUNTY SHERIFF'S DEPARTMENT ("SCSD"). SHERIFF JONES, in his capacity as Sheriff, is responsible for hiring, supervising, and disciplining the SCSD and is the official policy maker for SCSD. Defendant, SHERIFF JONES, is sued herein in his individual and official capacity as the SHERIFF for SCSD.

9. Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1 through 50, inclusive, and therefore sue these defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each defendant so named is responsible in some manner for the

injuries and damages sustained by plaintiffs as set forth herein. Plaintiffs will amend their complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

10. Plaintiffs are required to comply with an administrative tort claim requirement under California law. Plaintiffs have complied with all such requirements.

## STATEMENT OF FACTS

11. The incident took place on February 6, 2012 at 2:30 a.m. on Stockton Boulevard in Sacramento, CA. At the time of this incident, Decedent, LAMONT HARMON ("HARMON"), was returning to a Super Bowl party at a friend's house, when the Defendant, Sacramento Sheriff's Deputies, confronted him.

12. Mr. HARMON had not been involved in any criminal activity while walking to his friend's house nor did the defendant deputies observe Mr. HARMON involved in any criminal activities. Nevertheless the Deputies stopped Mr. HARMON and asked him why he was taking a short cut through the Kmart parking lot. They then proceeded to frisk him. No drugs, weapons or contraband were found.

13. Mr. HARMON asserted his right that if the Deputies were not placing him under arrest that he intended to leave the scene and return to his friend's Super Bowl party.

14. Inexplicably, a yet to be identified Sheriff's Deputy shot Mr. HARMON with a Taser gun when HARMON turned to walk away. The first shots from the Taser gun did not penetrate Mr. HARMON's leather jacket. However, subsequent shots were fired and they did make contact with Mr. HARMON's body causing him to experience sudden and significant pain. Fearing for his life, Mr. HARMON pulled the Taser prongs out of his chest and ran.

15. Without any lawful reason or justification, one or more of the yet to be identified Sheriff's Deputies pulled their guns and fired 18 shots at Mr. HARMON mortally wounding him. Mr. HARMON managed to run a few more feet after he was shot and collapsed. Mr. HARMON never recovered from the gun shot injuries and ultimately died shortly thereafter. Mr. HARMON leaves behind his mother, wife, and 13 year-old daughter.

16. Fortunately, there are eye-witnesses to this horrendous abuse of police power. For example, a Kmart employee who was in the parking witnessed the entire incident unfold. In addition, it was also caught on three cameras including the Kmart parking lot camera, a camera in a nearby apartment building, and a camera at a nearby church.

17. Sacramento County Sheriff's Deputies have been involved in 11 shootings in 2012, with eight being fatal. Surprisingly, the Sacramento County District Attorney has refused to investigate the wrongful homicide of Mr. HARMON or any of the other 10 Sacramento County Sheriff's Deputy shootings.

## DAMAGES

18. As a consequence of Defendants' violation of Plaintiff's federal civil rights under 42 U.S.C. §1983 and the Fourteenth Amendment, Plaintiffs ANNIE HARMON, MARGARET HOOPER, and H.H. were mentally and emotionally injured and damaged as a proximate result of decedent's wrongful death, including but not limited to: Plaintiffs' loss of familial relations, decedent's society, comfort, protection, companionship, love, affection, solace, and moral support.

19. Plaintiff, ESTATE OF LAMONT HARMON, by and through, ANNIE HARMON, the personal representative of LAMONT HARMON's Estate, are entitled to recover wrongful death damages pursuant to C.C.P. §§ 377.60 and 377.61 and Probate Code §6402(b). Additionally, plaintiffs are entitled to the reasonable value of funeral and burial expenses pursuant to C.C.P. §§ 377.60 and 377.61.

20. Plaintiff, ESTATE OF LAMONT HARMON, is entitled to recover damages by and through ANNIE HARMON, the personal representative of decedent's estate pursuant to his right of survivorship for the pain and suffering he endured as a result of the violation of his civil rights.

21. As a further direct and proximate result of Defendants' intentional and/or negligent conduct, Plaintiffs ANNIE HARMON, MARGARET HOOPER, and H.H., have been deprived of decedent's support.

22. Plaintiffs found it necessary to engage the services of private counsel to vindicate the rights of decedent and Plaintiffs' rights under the law. Plaintiff is therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that they are the prevailing parties in this action under 42 U.S.C. §§§§ 1983, 1985-86 and 1988.

**FIRST CAUSE OF ACTION**

**Violation of Fourth Amendment of the United States Constitution**

**(42 U.S.C. §1983)**

**(ESTATE of LAMONT HARMON against DOES 1-50, inclusive)**

23. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 22 of this Complaint.

24. Deputies conduct violated the decedent's right as provided for under the Fourth Amendment to the United States Constitution to be free from unreasonable seizures.

**SECOND CAUSE OF ACTION**

**Violation of Fourth Amendment of the United States Constitution**

**(42 U.S.C. §1983)**

**(ESTATE of LAMONT HARMON v. DOES 1-50, inclusive)**

25. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 24 of this Complaint.

26. Defendants' above-described conduct, wherein it is alleged that Deputies detained decedent without reasonable suspicion, violated decedent's right as provided for under the Fourth Amendment to the United States Constitution to be free from unlawful seizure (detention).

**THIRD CAUSE OF ACTION**

**Violation of Fourth Amendment of the United States Constitution**

**(42 U.S.C. §1983)**

**(ESTATE of LAMONT HARMON v. DOES 1-50, inclusive)**

27. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 26 of this Complaint.

28. Defendants' above-described conduct, wherein it is alleged that Deputies arrested decedent without probable cause violating his rights as provided for under the Fourth Amendment to the United States Constitution to be free from unlawful seizure (arrest).

## FOURTH CAUSE OF ACTION

### Violation of Fourth Amendment of the United States Constitution

### (42 U.S.C. §1983)

### (ESTATE of LAMONT HARMON v. DOES 1-50, inclusive)

29. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 28 of this Complaint.

30. Defendants' above-described conduct violated decedent's right as provided for under the Fourth Amendment to the United States Constitution to be free from excessive force and/or the arbitrary and/or unreasonable use of deadly force against him.

## FIFTH CAUSE OF ACTION

### (Conspiracy to Violate Decedent's Civil Rights)

### (42 U.S.C. §1985)

### (ESTATE of LAMONT HARMON v. DOES 1-50, inclusive)

31. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 30 of this Complaint.

32. In doing the acts complained of herein, Defendants acted in concert and conspired to violate decedent's federal civil rights to be free from unreasonable seizures and excessive and/or arbitrary force.

33. Defendants had knowledge of the wrongs conspired to be done and committed and had the power to prevent or aid in preventing the commission of the same. None of the Defendants attempted to prevent and/or stop the violation of the decedent's civil rights.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

## SIXTH CAUSE OF ACTION

### (Wrongful Death)

### (42 U.S.C. §1983)

### (ESTATE of LAMONT HARMON, H.H. by and through her Guardian Ad Litem, MARGARET HOOPER, MARGARET HOOPER v. DOES 1-50, inclusive)

34. Plaintiffs hereby re-allege and incorporate by reference paragraphs 1 through 33 of this Complaint.

35. Defendants acted under color of law by shooting and killing decedent without lawful justification and subjecting decedent to excessive force thereby depriving Plaintiff and the decedent of certain constitutionally protected rights, including, but not limited to:

   a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

   b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fourteenth Amendments to the United States Constitution;

   c. The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION

### (Violations of Plaintiffs' Civil Rights to Familial Relationship)

### (42 U.S.C. § 1983)

### (ANNIE HARMON and MARGARET HOOPER v. DOES 1-50, inclusive)

36. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 35 of this Complaint as though fully set forth;

37. Defendants, acting under color of state law, and without due process of law, deprived Plaintiffs of their right to a familial relationship by seizing decedent by use of unreasonable, unjustified and deadly force and violence, causing injuries which resulted in decedent's death, all without provocation and did attempt to conceal their excessive use of force and hide the true cause of

decedent's demise to deprive Plaintiff of her right to seek redress, all in violation of rights, privileges, and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## EIGHTH CAUSE OF ACTION

## (Monell)

## (42 U.S.C. §1983)

## (ALL PLAINTIFFS v. DOES 1-50, inclusive)

38. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 37 of this Complaint.

39. As against Defendants COUNTY OF SACRAMENTO, SHERIFF JONES, and/or DOES 1-50 and/or each of them, individually and/or in their capacities as official policy-maker(s) for COUNTY OF SACRAMENTO, Plaintiffs further allege that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of Defendant COUNTY OF SACRAMENTO tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens, such as Plaintiffs.

40. Plaintiffs are informed and believe and thereon allege that the acts and/or omissions alleged herein are the proximate result of a custom, policy, pattern or practice of deliberate indifference by defendants COUNTY OF SACRAMENTO, SHERIFF JONES, DOES 1-50 and/or each of them, to the repeated violations of the constitutional rights of citizens by SCSD deputies, which have included, but are not limited to, repeated acts of: making false reports, providing false and/or misleading information in causing detentions, arrests, imprisonments and/or malicious prosecutions based on fabricated and/or misleading statements and/or engaging in similar acts of misconduct on a repeated basis and failure to institute and enforce a consistent disciplinary policy and/or early warning system.

41. Plaintiffs are further informed and believe and thereon allege that the acts and/or omissions alleged herein are the proximate result of a custom, policy, pattern or practice of deliberate indifference by defendants COUNTY OF SACRAMENTO, SHERIFF JONES, DOES 1-50 and/or

each of them, to the repeated violations of the constitutional rights of citizens by SCSD deputies, which have included, but are not limited to, using excessive and/or deadly force on a repeated basis.

42. Plaintiffs are further informed and believe and thereon allege that the damages sustained as alleged herein were the proximate result of customs, policies and/or practices which included, but were not limited to, the failure to adequately or appropriately hold officers accountable for their misconduct, the failure to properly and fairly investigate complaints about officers' misconduct, the failure to enact or adopt policies to ensure adequate and/or appropriate oversight of officers to prevent continuing violations of the rights of citizens.

43. The aforementioned deliberate indifference, customs, policies or practices of defendants COUNTY OF SACRAMENTO, SHERIFF JONES, DOES 1-50, and/or each of them, resulted in the deprivation of the constitutional rights of the decedent and plaintiffs, including, but not limited to, the following:

   a. the right not to be deprived of life, liberty or property without Due Process of Law;
   b. the right to be free from unreasonable searches and/or seizures; and/or,
   c. the right to equal protection of the law,
   d. the right to familial relationships,
   e. the right to enjoy civil and statutory rights,
   f. Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

44. As a result of the violation of their constitutional rights by defendants SCSD, SHERIFF JONES, and/or DOES 1-50 and/or each of them, Plaintiffs sustained the injuries and/or damages as alleged heretofore in this Complaint.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

**NINTH CAUSE OF ACTION**

**(Survival action: Violation of decedent's civil rights)**

**(42 U.S.C. §1983)**

**(ESTATE of LAMONT HARMON v. DOES 1-50, inlclusive)**

45. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 44 of this Complaint.

46. LAMONT HARMON was forced to endure great conscious pain and suffering because of the Defendants' conduct before his death;

47. LAMONT HARMON did not file a legal action before his death;

48. Plaintiff, ANNIE HARMON, personal representative of the ESTATE OF LAMONT HARMON claim damages for the conscious pain and suffering incurred by LAMONT HARMON, as provided for under 42 U.S.C. §1983.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**TENTH CAUSE OF ACTION**

**(Wrongful Death - Negligence)**

**(C.C.P. §377.60 and 377.61)**

**(H.H., by and through her Guardian Ad Litem, MARGARET HARMON, MARGARET HARMON v DOES 1-50, inclusive)**

49. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 48 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

50. Defendants and DOES 1-50 inclusive, by and through their respective agents and employees, proximately caused the death of decedent LAMONT HARMON, said Plaintiff ANNIE HARMON, son, on February 6, 2012 as a result of their negligent conduct and/or negligent failure to act as set-forth herein.

51. As an actual and proximate result of said defendants' negligence, and the death of decedent, Plaintiff ANNIE HARMON, have sustained pecuniary loss resulting from the loss of comfort, society, attention, services, and support of her son, decedent, in an amount according to proof at trial.

52. As a further actual and proximate result of said defendants' negligence, Plaintiff incurred funeral and burial expenses, in an amount according to proof at trial.

53. Pursuant to California C.C.P. Sections 377.60 and 377.61, Plaintiff has brought this action, and claims damages from said defendants for the wrongful death of decedent, and the resulting injuries and damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## ELEVENTH CAUSE OF ACTION

**(Violation of Decedent's Right To Enjoy Civil Rights)**

**(Violation of CALIFORNIA CIVIL CODE §52.1)**

**(ESTATE of LAMONT HARMON v. All Defendants)**

54. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 53 of this Complaint.

55. Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with decedent's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

## TWELFTH CAUSE OF ACTION

**(Violation of Decedent's State Statutory Rights)**

**(Violation of CALIFORNIA CIVIL CODE §51.7)**

**(ESTATE of LAMONT HARMON v. ALL DEFENDANTS)**

56. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 55 of this complaint.

57. Plaintiff is informed and believes and thereon alleges that the conduct of Defendants was motivated by prejudice against LAMONT HARMON. Plaintiff is and was readily recognizable as African-American. In engaging in such conduct, Defendant violated decedent's rights under California Civil Code §51.7 to be free from violence, or intimidation by threat of violence committed against him because of his race.

58. Under the provisions of California Civil Code §52(b), Defendants are liable for punitive damages for each violation of Civil Code §51.7, reasonable attorney's fees and an additional $25,000.00.

59. As a proximate result of Defendants wrongful conduct, decedent suffered damages as hereinafter set forth.

## THIRTEENTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)
### (ESTATE of LAMONT HARMON v. ALL DEFENDANTS)

60. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 59 of this Complaint.

61. Defendants' above-described conduct was extreme, unreasonable and outrageous.

62. In engaging in the above-described conduct, defendant intentionally ignored or recklessly disregarded the foreseeable risk that decedent would suffer extreme emotional distress as a result of defendants conduct.

## FOURTEENTH CAUSE OF ACTION
### (Assault And Battery)
### (ESTATE of LAMONT HARMON v. DOES 1-50, inclusive)

63. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 62 of this complaint.

64. Defendants' above-described conduct constituted assault and battery.

## JURY DEMAND

65. Plaintiffs hereby demand a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiffs prays for relief, as follows:

1. For general damages in a sum of $10 million dollars;

2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3. For funeral and burial expenses according to proof;

4. For punitive damages and exemplary damages in amounts to be determined according to proof as to defendants DOES 1 through 50 and/or each of them;

5. For reasonable attorney's fees pursuant to 42 U.S.C. §1988;

6. For cost of suit herein incurred; and

7. For such other and further relief as the Court deems just and proper.

**LAW OFFICES OF JOHN L. BURRIS**

**Dated: November 7, 2012**          /s/ *John L. Burris*
                                      **JOHN L. BURRIS, Esq.**
                                      **Attorney for Plaintiffs**
                                      **ANNIE HARMON, et al.**